STATE of Minnesota, Respondent,

v.

Gregory T. PULOS, Appellant.

No. CX–86–1962.

Court of Appeals of Minnesota.

May 26, 1987.

a.m. Polley, a certified radar operator, conducted internal and external checks of his car's radar unit. The external test was conducted with calibrated tuning forks. All tests indicated the radar unit was in proper working order.

Polley stopped a vehicle for speeding on Highway 12 and after the stop again conducted an internal check of the radar; he did not repeat the external tuning fork test. He then drove to County Road 92 and County Road 6 and parked his squad car on the shoulder, facing south on 92. He switched the radar unit mode from "moving" to "stationary."

A short time later he observed three vehicles northbound on 92, all moving at a high rate of speed. When the vehicles were at the intersection of Lyndale Avenue and 92 (approximately 1,800 feet from Polley's position), he switched the unit from "hold" to "active." The lead vehicle produced a radar reading of 50 m.p.h. in the 30–m.p.h. zone. Polley stopped the vehicle and issued a citation for speeding. Polley testified that the driver, appellant Gregory Pulos, acknowledged he was speeding.

The court found Pulos guilty of speeding and fined him $40. He appeals the conviction.

## DECISION

### I

Gregory Pulos claims the radar reading was improperly received into evidence. Minn.Stat. § 169.14, subd. 10(d) (1986), states that radar results of speed are admissible provided "the device was tested by an accurate and reliable external mechanism, method, or system *at the time it was set up*" (emphasis added). The trial court properly rejected Pulos' argument that an officer must test the radar unit every time it is shifted from the "moving" to the "stationary" mode. The purpose of testing the radar unit is to determine that the mechanism itself is operating properly, not to determine that it is functioning properly in a specific area. Officer Polley set up and tested the unit at the beginning of his shift; there was no evidence of a mal-

Timothy J. Pawlenty, LeFevere, Lefler, Kennedy, O'Brien & Drawz, Minneapolis, for respondent.

Walter M. Baker, Baker & Bassford, P.A., Edina, for appellant.

Considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

### FACTS

On July 14, 1986, West Hennepin police officer Michael Polley began his shift at 7

function. Pulos presented no evidence that switching modes affects the accuracy of the radar unit.

## II

On review of a conviction we must take the evidence in the light most favorable to the prosecution, *State v. Pedersen*, 382 N.W.2d 559, 560 (Minn.Ct.App. 1986). The court apparently credited Polley's testimony over Pulos' and his wife's. Weighing the credibility of witnesses is a function of the trial court. *Id.* The evidence is sufficient to support the speeding conviction.

Affirmed.